UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>              Plaintiff,    )<br>                              )<br>-v-                           )<br>                              )<br>LAWRENCE NATHAN WILSON,       )<br>              Defendant.     )<br>_____) | No. 1:14-cr-39<br><br>Honorable Paul L. Maloney |

### MEMORANDUM OPINION AND ORDER

Defendant Lawrence Wilson requests the Court modify his sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 76). Defendant relies on Amendment 821 to the Sentencing Guidelines, which the Sentencing Commission has made retroactive. The Court will deny the motion.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that lower the sentencing guidelines range for that defendant. 18 U.S.C. § 3582(c)(2). The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review. See *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*,

560 U.S. 817, 826-27 (2010)).  The court must first determine the defendant's eligibility, whether the Sentencing Commission's changes actually lowered the defendant's guidelines range.  *See Dillon,* 560 U.S. at 827.  Second, the court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce the defendant's sentence.  *Id.*  Defendant's motion fails at the first step.

Amendment 821 contains two retroactive provisions.  Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points.  "Status points" are those points that were applied under then United States Sentencing Guideline (U.S.S.G.) § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status.  Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

The Court finds Defendant ineligible for a modification of sentence under 18 U.S.C. § 3582(c)(2) because, applying the retroactive amendments, his guidelines range did not change.

In his motion, Defendant specifically invokes the retroactive changes to "status points" in Part A of Amendment 821.  He claims he is entitled to a reduced sentence on that basis; Defendant does not seek relief as a zero-point offender (he was not one).  Defendant scored six criminal history points before the application of any status points (PSR, ¶ 48). After applying the recent guideline amendment, Defendant is not assessed any status points. Ordinarily, defendants with a criminal history score of 7, 8 and 9 have a criminal history

category IV. Defendants with a criminal history category of 4, 5 and 6 have a criminal history category of III. Therefore, the reduction in criminal history points from 8 to 6 does change Defendant's criminal history category. However, Defendant is a career offender under U.S.S.G. 4B1.1, which places him in criminal history category VI, regardless of any status points received in the criminal history points calculation. As a career offender, the amended guidelines concerning status points do not affect the calculation of his sentence. *See United States v. Hamilton*, No. CR 11-10133-FDS, 2023 WL 8880344, at *1 (D. Mass. Dec. 22, 2023) (career offender ineligible for reduced sentence under Guideline Amendment 821); *Razo v. United States*, No. 1:11-CR-00184-JAW-1, 2023 WL 8890804, at *2 (D. Me. Dec. 26, 2023) (same); *United States v. Shaw*, No. 05-20073-JWL, 2023 WL 8234308, at *1 (D. Kan. Nov. 28, 2023) (same). Accordingly, Defendant is not eligible for a reduced sentence because the guideline calculation has not changed.

Defendant also requests the appointment of counsel. Generally, "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "[T]here is no right to appointed counsel in sentence modification proceedings under § 3582(c)." *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009). "[T]he decision to appoint an attorney is left to the discretion of the district court." *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009). Here, Defendant is clearly ineligible for a sentence reduction under Amendment 821; therefore, the Court declines to appoint counsel.

Accordingly, the court **DENIES** the motion for a sentence reduction and the request for appointment of counsel (ECF No. 76).

**IT IS SO ORDERED.**

Date:     May 1, 2024                                                      /s/  Paul L. Maloney
                                                                           Paul L. Maloney
                                                                           United States District Judge